UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __12/4/2020_____
```

v.

03-CR-979 (KMW)
04-CR-408 (KMW)

**ORDER**

FRANK SMITH CASTILLO

               Defendant.
--------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

On December 4, 2020, Defendant Frank Smith Castillo moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 37.[1])

No later than December 28, 2020, the Government shall respond to Defendant's motion. With its response, the Government shall provide the following information, after conferring with the Bureau of Prisons ("BOP") and the United States Probation Office as appropriate:

1. Whether the Government opposes Defendant's motion;
2. The BOP's assessment of the factors listed in the Attorney General's Memorandum for Director of Bureau Prisons dated March 26, 2020 as they pertain to Defendant; what risk factors for severe COVID-19 illness, if any, Defendant presents; who, if anyone, at the BOP assessed Defendant's risk factors for severe COVID-19 illness; and upon what specific information that person's assessment was made;
3. The criteria used by the BOP to decide whom to test for COVID-19 at USP Big Sandy, where Defendant resides;
4. Approximately how many tests for COVID-19 have been conducted at USP Big

---

[1] All references to Defendant's electronic docket refer to the docket in case number 04-CR-408.

Sandy;

5. The number of inmates and staff who have tested positive and the number of inmates and staff who have tested negative for COVID-19 at USP Big Sandy, both as absolute numbers and as a percentage of the total population of inmates and staff at USP Big Sandy;

6. The number of inmates and staff currently infected with COVID-19 at USP Big Sandy;

7. Whether Defendant has been in close proximity to any inmate or staff member who has tested positive for COVID-19;

8. The Government's assessment of the factors set forth in 18 U.S.C. § 3553(a) as they pertain to Defendant;

9. Defendant's disciplinary record in prison, risk of recidivism, risk of violence, and any changes to the conditions of supervised release that should be made in the event Defendant is released;

10. Upon what specific facts and information the BOP relied in denying Defendant's request for a reduction in sentence;

11. Whether the BOP has considered or intends to consider Defendant for home confinement or furlough; by what date the BOP expects to make a determination regarding home confinement or furlough; and upon what specific information the BOP's determination will rely.

SO ORDERED.

Dated: New York, New York
       December 4, 2020

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge