```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/27/21_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

        -against-

FRANK SMITH CASTILLO,

        Defendant.

-----------------------------------------------------------X

03-CR-979 (KMW)
04-CR-408 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Frank Smith Castillo moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 37.[1]) The Government opposes the motion. (ECF No. 40.) For the reasons set forth below, Smith Castillo's motion is DENIED.

## BACKGROUND

Smith Castillo's motion relates to two separate cases that each went to trial and for which the Court sentenced Smith Castillo. (Gov't Opp'n at 1.) On August 27, 2004, in case number 03-CR-979, Smith Castillo was convicted after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (*Id.*) Separately, on November 8, 2004, in case number 04-CR-408, Smith Castillo was convicted after a jury trial of one count of conspiracy to commit armed bank robberies, in violation of 18 U.S.C. § 371; three counts of armed bank robberies, in violation of 18 U.S.C. §§ 2113(a), (d) and 2; and three counts of use and carrying a firearm during a crime of violence that was equipped with a silencer and brandished, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(i)(B)(ii), (c)(1)(C)(i) and (ii). (*Id.*)

On March 18, 2005, the Court sentenced Smith Castillo. In case number 03-CR-979,

---

[1] Unless otherwise specified, all references to the electronic docket refer to the docket in case number 04-CR-408.

Smith Castillo was sentenced to 120 months' imprisonment.  (*Id.*)  In case number 04-CR-408, Smith Castillo was sentenced to 60 months' imprisonment on the conspiracy count and 168 months' imprisonment on the substantive armed robbery counts.  The 60- and 168-month terms were to run concurrently with each other and with the 120-month sentence imposed in case number 03-CR-979.  (*Id.*)  In addition, in case number 04-CR-408, Smith Castillo was sentenced to a mandatory minimum of 30 years' imprisonment on the first firearms count and mandatory life terms on each of the two subsequent firearms counts.  (*Id.*)  These sentences were to run consecutively to one another and to the previously imposed terms of imprisonment.  (*Id.* at 1-2.)

In effect, Smith Castillo's sentence thus comprises a term of 168 months, to be followed by a term of 30 years and two life terms.  Because Smith Castillo has been in federal custody since July 2003, he has served approximately 210 months of this sentence.  (Mot. at 2, 4.)

On December 4, 2020, Smith Castillo filed the instant motion to reduce his sentence to a term of 21 years, reflecting a term of 168 months, to be followed by a term of seven years, for a total sentence of 252 months.  (*Id.* at 2.)  On December 28, the Government filed its opposition.  On January 6, 2021, Smith Castillo filed a reply.  (ECF No. 41.)  On January 15, the Government filed a response to Smith Castillo's reply.  (ECF No. 43.)

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant.  A defendant may move under Section 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier." *Id.*[2]

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The court has discretion to consider "the full slate of extraordinary and compelling reasons" that an imprisoned person might cite in motions for a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

In determining whether to grant a motion for a sentence reduction, courts also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they apply (the "sentencing factors"). 18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons for a sentence reduction exist, a court may deny the motion if the sentencing factors outweigh those reasons. *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

## DISCUSSION

### I. Extraordinary and Compelling Reasons

Smith Castillo argues that three factors constitute extraordinary and compelling reasons warranting a sentence reduction: the length of his sentence, combined with changes to the "stacking" provisions of 18 U.S.C. § 924(c); the health risks associated with the COVID-19 pandemic; and his record of rehabilitation. (Mot. at 5.) The Government contends that Smith Castillo has not met his burden to establish that extraordinary and compelling reasons exist. (Gov't Opp'n at 3.) The Court agrees with the Government and finds that these factors—individually or in combination—do not rise to the level of extraordinary and compelling

---

[2] The Government concedes that Smith Castillo has exhausted his administrative remedies. (Gov't Opp'n at 2.) His motion is thus ripe for consideration.

circumstances.[3]

### A. Length of Sentence and Amendments to Section 924(c)

First, Smith Castillo argues that the severity of his sentence, which was imposed pursuant to laws that have since been amended, is an extraordinary and compelling reason warranting a sentence reduction. (Mot. at 5-7.)

The amendments at issue are the "stacking" provisions of section 924(c). The version of section 924(c) that applied at the time of Smith Castillo's sentencing required that, if the "firearm possessed by a person convicted of a violation of this subsection ... is equipped with a firearm silencer ..., the person shall be sentenced to a term of imprisonment of not less than 30 years." 18 U.S.C. § 924(c)(1)(B)(ii). The statute further required that, "[i]n the case of a second or subsequent conviction," including on counts in the same indictment, "if the firearm involved is ... equipped with a firearm silencer ..., [the person shall] be sentenced to imprisonment for life." 18 U.S.C. § 924(c)(1)(C)(ii) (effective October 6, 2006 through December 20, 2018). Because Smith Castillo was convicted of three separate charges pursuant to section 924(c), he was sentenced to one term of 30 years, to be followed by two consecutive life terms. (Mot. at 4.)

In the First Step Act of 2018, Congress amended the stacking provisions.[4] Section 924(c) now requires the imposition of a life term for a "second or subsequent conviction" after a

---

[3] Because of this finding, the Court does not address whether the change in the section 924(c) stacking rules, "standing alone," may be sufficient to warrant release. (Reply at 2; Gov't Opp'n at 4-5; *see Musa v. United States*, 2020 WL 6873506, at *7 (S.D.N.Y. Nov. 23, 2020) (Sullivan, J.) (holding that a change in law regarding narcotics charges was "not enough, standing alone, to automatically merit [defendant's] release").)

[4] Even though Congress did not make these amendments retroactive, the Court may take them into account for purposes of deciding a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Fuller*, 2020 WL 5849442, at *2 (S.D.N.Y. Oct. 1, 2020) (Seibel, J.); *see also Brooker*, 976 F.3d at 237-38 (footnote and alterations omitted) ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation ... alone shall not be considered an extraordinary and compelling reason.'"). *But see United States v. Fulcher*, 2020 WL 4547970, at *2 (S.D. Ind. Aug. 5, 2020) (holding that a defendant "may not use 18 U.S.C. § 3582(c)(1)(A)(i)'s 'extraordinary and compelling' provision as an end-around to achieve a result that Congress did not intend").

prior conviction under section 924(c) has "become final."  18 U.S.C. § 924(c)(1)(C)(ii), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat 5194 (Dec. 21, 2018).   In other words, section 924(c) charges may not be "stacked" so as to lead to greater penalties for second or subsequent convictions on counts that are charged in the same indictment.   In light of this amendment, Smith Castillo asserts correctly that, if he were sentenced today, he would not be subject to any mandatory life sentences.   (Mot. at 6.)

Courts weighing the amendments to the stacking provisions on motions for sentence reductions do not view the change in law per se as an extraordinary and compelling reason.  Rather, they analyze the sentence imposed relative to the sentence that would now be received for the same offense.   *See, e.g.*, *United States v. Williams*, 2020 WL 6940790, at *3 (N.D. Ill. Nov. 25, 2020) (stating that an eighteen-year disparity supported a finding of extraordinary and compelling reasons); *United States v. Redd*, 444 F. Supp. 3d 717, 722–23 (E.D. Va. 2020) (stating that the court "has initially and centrally considered the sentence [defendant] received relative to the sentence he would now receive for the same offense, whether and to what extent there is a disparity between the two sentences, and why that disparity exists"); *United States v. Urkevich*, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019) ("A reduction in [defendant's] sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed.").

The Court is not persuaded, however, that extraordinary and compelling reasons exist in this case.   Smith Castillo's convictions include three separate violations of section 924(c), each involving a firearm that was equipped with a silencer.   (Mot. at 11; Superseding Indictment at 5-6, ECF No. 6; Judgment at 1, ECF No. 16.)   As Smith Castillo concedes, the 30-year mandatory minimum that applies to each such violation has not been amended.   (Mot. at 6-7; 18

5

U.S.C. § 924(c)(B)(ii).)  If sentencing Smith Castillo on the same charges today, a court would thus have no choice but to impose three 30-year terms, all *consecutive* to each other and to any sentence on the conspiracy and substantive armed robbery counts.  (*See* Gov't Opp'n at 1-2; 18 U.S.C. § 924(c)(1)(D) (requiring the imposition of *consecutive* sentences).)  The sentencing court would have no discretion to impose anything less than a term of 90 years, to run consecutively to any sentence on the other counts.

To the extent that there is a disparity between this outcome and the sentence imposed, it is the unfortunate distinction between an actual life term and an effective life term.  As such, this case is distinguishable from those in which the changes to section 924(c) lead to a "radically different sentence."  *United States v. O'Bryan*, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020); *see United States v. Bryant*, 2020 WL 2085471, at *3 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020) (granting a reduction because, if the defendant were sentenced today, "his three § 924(c) convictions would result in a sentence enhancement of 15 rather than 45 years"); *Redd*, 444 F. Supp. 3d at 723 (describing a "gross disparity" between a sentence that would be imposed pursuant to the First Step Act and a sentence that was "30 years, or three times longer, than what Congress has now deemed an adequate punishment for comparable § 924(c) conduct").

The Court is not unsympathetic to Smith Castillo's argument that his sentence is one of "exceptional severity."  (Mot. at 6.)  But the severity of both the imposed sentence and a hypothetical one in light of the amendments of the First Step Act is largely driven not by outdated stacking laws, but by the plain language of section 924(c).  That statute requires today—as it did when Smith Castillo was sentenced—a 30-year mandatory minimum on each of the three firearms charges for which a jury found Smith Castillo guilty, to be served consecutively to one another.

In these circumstances, the Court cannot conclude that the length of Smith Castillo's sentence, in light of the recent amendments to section 924(c), constitutes an extraordinary and compelling reason warranting a sentence reduction.

### B.   Smith Castillo's Age and Vulnerability to COVID-19

Second, Smith Castillo argues that his health conditions, age, and the harsh conditions of confinement in light of the COVID-19 pandemic warrant a sentence reduction.   (Mot. at 7-8.) Extraordinary and compelling reasons for a reduction may exist when a defendant is at increased risk of suffering serious illness from infection with COVID-19.   *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) (Swain, J.).

Smith Castillo suffers from hypertension and an unspecified heart disease based on "left ventricular hypertrophy."   (Mot. at 7.)   These conditions, however, have not been identified by the Centers for Disease Control and Prevention ("CDC") as likely to place an individual at increased risk of severe illness from COVID-19.   (Gov't Opp'n at 4.[5])

In addition, Smith Castillo argues that, at 63 years old, he is at greater risk of severe illness.   (Mot. at 7.)   The CDC advises that "[t]he risk for severe illness with COVID-19 increases with age."   Centers for Disease Control and Prevention, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (accessed Jan. 7, 2021).   Age alone, however, is not a sufficient basis for a finding of extraordinary and compelling circumstances.   *See United States v. Haney*, 454 F. Supp. 3d 316, 323 (S.D.N.Y. 2020) (Rakoff, J.) (stating, in the case of a 61-year old defendant, that if "age alone were a

---

[5] The CDC advises that hypertension "might increase" the risk of serious illness.   Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Jan. 26, 2021).   Similarly, the CDC advises that cardiovascular disease, with the exception of four specific conditions not at issue here, "might increase" the risk of severe illness.   *Id.*

7

sufficient factor to grant compassionate release ..., it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release").

Finally, the Court recognizes that COVID-19 restrictions in BOP facilities take a serious toll on all inmates, and that the pandemic has "reduced the opportunities for meaningful work and programming" at USP Big Sandy.   (Mot. at 8.)   Smith Castillo has not demonstrated, however, that his lack of access to programming differentiates him from other inmates in federal custody, nor has he presented other factors that would make his confinement uniquely difficult. *See United States v. Fiseku*, 2020 WL 7695708, at *4 (S.D.N.Y. Dec. 28, 2020) (Engelmayer, J.) (discussing the "similar constraints," including separation from family, faced by all inmates).

Accordingly, the Court concludes that Smith Castillo has failed to establish that his age, health conditions, and present conditions of confinement constitute extraordinary and compelling reasons warranting a sentence reduction.

### C.   Smith Castillo's Record of Rehabilitation

Third, Smith Castillo argues that his post-sentencing conduct supports a finding of extraordinary and compelling circumstances.   (Mot. at 8-11.)   Rehabilitation alone cannot constitute an extraordinary and compelling reason justifying a sentence reduction.   *Brooker*, 976 F.3d at 237-38; 28 U.S.C. § 994(t).   Rehabilitation may be considered, however, in combination with other factors.   *See United States v. Millan*, 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) (Preska, J.).

Three BOP employees, including Smith Castillo's case manager, have written positive letters of recommendation.   (Mot. at Exs. B, C, D.)   In particular, the letters praise Smith Castillo's work ethic and describe him as responsible, trustworthy, and respected by other inmates.   (*Id.* at 9-11, Exs. B, C, D.)   The Government acknowledges these positive opinions

of Smith Castillo, although it notes that his disciplinary record is not unblemished and includes an incident in 2014, more than ten years into his sentence, in which he was in possession of a "dangerous weapon." (Gov't Opp'n at 6.)

Notwithstanding this serious disciplinary infraction, Smith Castillo's rehabilitative efforts are commendable. Standing alone, however, they are not sufficient to establish extraordinary and compelling reasons in favor of a sentence reduction. *Brooker*, 976 F.3d at 237-38; 28 U.S.C. § 994(t). Nor can the Court conclude that, in combination with the factors discussed above, such efforts constitute extraordinary and compelling circumstances.

In sum, the Court finds that the length of Smith Castillo's sentence, in light of recent changes to the section 924(c) stacking provisions, the risks associated with the COVID-19 pandemic, and Smith Castillo's rehabilitation, do not—individually or in combination with each other—constitute extraordinary and compelling reasons warranting a sentence reduction.

## II. The Sentencing Factors

In addition to the absence of extraordinary and compelling reasons in favor of a sentence reduction, the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against such a reduction. 18 U.S.C. § 3553(a). *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.) (denying motion for compassionate release when sentencing factors outweighed extraordinary and compelling reasons).

### A. Smith Castillo's Offenses, Promoting Respect for the Law, and Avoiding Unwarranted Sentencing Disparities

The parties' arguments concerning the circumstances and seriousness of Smith Castillo's offenses; the need for the sentence imposed to promote respect for the law; and the need to avoid unwarranted sentencing disparities are best addressed in tandem. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(6). As explained below, these factors weigh against a sentence reduction.

9

Smith Castillo admits that his crimes are serious.  (Mot. at Ex. A, p. 1.)  He participated in a series of armed bank robberies that "caused real harm to real victims."  (Gov't Resp. at 2.) At sentencing, the Court described the robberies as "very serious."  (Sent. Tr. at 34, Gov't Opp'n at Ex. B.)

Smith Castillo argues, however, that a reduction is necessary in order to avoid "unwarranted sentencing disparities" among co-conspirators in this case and with defendants convicted of arguably more serious offenses, including murder.  (Mot. at 13-14; 18 U.S.C. § 3553(a)(6).)  Smith Castillo asserts that such disparities do not "promote respect for [the] law." (Mot. at 15; 18 U.S.C. § 3553(a)(2)(A).)

This argument is unavailing.  The sentencing factors refer to the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  Smith Castillo's lengthier sentence, as compared to his co-conspirators, is based on three charges pursuant to section 924(c), filed in a superseding indictment that did not apply to his co-conspirators, who all pleaded guilty.  (Mot. at 3.)  In addition, as discussed above, a severe sentence on these charges—even after the amendments of the First Step Act—is compelled by the mandatory minimum sentence that applies to the use of a firearm equipped with a silencer.  As a result, the Court cannot conclude that any sentencing disparity between Smith Castillo and his co-defendants is "unwarranted." *See* 18 U.S.C. § 3553(a)(6).

More generally, courts must consider sentencing disparities not only by comparing "discrete cases" but "by reference to similarly situated defendants nationwide."  *United States v. Toohey*, 132 F. App'x 883, 887 (2d Cir. 2005).  With respect to defendants charged in other cases with violations of section 924(c), a reduction well below the relevant mandatory minimum here "would undoubtedly result in significant sentencing disparities for similarly situated

10

defendants." *United States v. Olivo*, 2021 WL 21898, at *3 (S.D.N.Y. Jan. 2, 2021) (Caproni, J.). The Court also cannot conclude that giving weight to a mandatory sentencing scheme chosen by Congress fails to "promote respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A).

In addition, Smith Castillo argues that a lesser sentence would more appropriately reflect the seriousness of the crimes committed, and that the circumstances of the offense warrant a reduction because "no one was physically injured" and "there was nothing about the silencer, as employed in this case, that made it so much more serious than brandishing a firearm without a silencer." (Mot. at 12; *see* 18 U.S.C. § 3553(a)(1), (2)(A).) Smith Castillo proposes, instead, that he be sentenced to a term of seven years on the section 924(c) counts. (Mot. at 2.)

This argument, too, is not persuasive. In passing section 924(c), Congress elected to impose a severe mandatory minimum for the use of a firearm equipped with a silencer. *See* 18 U.S.C. § 924(c)(1)(B)(ii). When passing the First Step Act in 2018, Congress did not amend that mandatory minimum. (*See* Mot. at 6-7; Gov't Resp. at 2.) Thus, passage of the First Step Act did not signal Congressional intent to alter the previous determination that "using a silencer on a firearm is such a significant act that it requires a substantial sentence." (Gov't Resp. at 2; *see United States v. Santos*, 64 F.3d 41, 46-47 (2d Cir. 1995), *vacated on other grounds*, 516 U.S. 1156 (1996) (stating, in the context of constitutional challenges to section 924(c), that "the decision of the Congress to multiply the sentence that would apply absent the silencer cannot be considered 'grossly disproportionate' to the offense, and that "[t]he determination of Congress to impose a greater sanction upon those who would use such weapons is entirely rational").

As a result, a sentencing court today would not have discretion to lower the resulting term of imprisonment based on the factual circumstances surrounding the use of a silencer. Although a court deciding a motion pursuant to 18 U.S.C. 3582(c)(1)(A) may have more discretion to depart from a statutorily-mandated sentence, the Court declines to grant a reduction that would

be so out of step with a term of imprisonment that Congress deems appropriate.

### B. History and Characteristics of Smith Castillo, and Protecting the Public from Further Crimes

The Court accepts Smith Castillo's characterization of his "difficulty adjusting to life in the United States" and recognizes that he has suffered significant personal tragedy. (Mot. at 15.) The Court also appreciates Smith Castillo's letter, expressing how he has grown personally during his incarceration. (Mot. at Ex. E, p. 1.) Standing alone, such history and characteristics weigh in favor a sentence reduction. 18 U.S.C. §§ 3553(a)(1).

As the Government points out, however, Smith Castillo has "demonstrated a pattern of recidivism" that is very troubling. (Gov't Opp'n at 6.) Smith Castillo committed the instant crimes at the age of 47, soon after being released from custody, and his criminal history includes convictions for reckless endangerment, criminal possession of a controlled substance, and armed burglary. (*Id.*; Gov't Resp. at 2.) At sentencing, when considering Smith Castillo's history and characteristics, the Court noted "his recidivism time after time, each crime within usually months of the one before it." (Sent. Tr. at 34.) The BOP has classified Smith Castillo as being at "High Risk" of recidivism. (Gov't Opp'n at 6; Gov't Resp. at 2.)

The Court recognizes that Smith Castillo is subject to an immigration detainer. (Mot. at 16.) As Smith Castillo acknowledges, however, "it is by no means certain" that deportation to Cuba will take place, nor is it possible to predict whether Smith Castillo would remain in immigration custody or be released subject to an order of supervision. (*Id.* at 17.)

On balance, although Smith Castillo has undertaken admirable rehabilitative efforts, the Court finds that Smith Castillo's history and characteristics, and the need for the sentence imposed to "protect the public from further crimes of the defendant," also weigh against a sentence reduction. 18 U.S.C. §§ 3553(a)(1), (a)(2)(C).

## CONCLUSION

Because Smith Castillo has not established the existence of extraordinary and compelling reasons warranting a sentence reduction, and because the sentencing factors weigh against such a reduction, the motion is DENIED.

SO ORDERED.

Dated: New York, New York
January 27, 2021

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge